ROBERT MANN, CSB 48293
DONALD W. COOK, CSB 116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444; (213) 252-0091 facsimile
E-mail: manncook@earthlink.net

Attorneys for Plaintiff



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SAULMON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HAWTHORNE a municipal corporation; HAWTHORNE POLICE DEPARTMENT, a governmental entity; CHIEF ROBERT FAGER, LT. TI GOETZ (#50272), OFFICER GABRIEL LIRA (#50275), OFFICER ROBERT SHAY (#50292), individuals; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV13-02819 JAK (AJWx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983 - First Amendment<br>2. 42 U.S.C. § 1983 - Due Process<br>3. 42 U.S.C. § 1983 - Fourth Amendment<br>4. 42 U.S.C. § 1983 - Fourteenth Amendment<br>5. Cal. Civ. Code § 52.1(b)<br><br>**DEMAND FOR JURY TRIAL** |

## PARTIES

1. Daniel Saulmon is the plaintiff, an individual who resides in Los Angeles County.

2. Defendant City of Hawthorne ("Hawthorne") is a public entity organized and existing under the laws of the State of California. Defendant Hawthorne Police Department ("HPD") is a public entity within the meaning of California law, and is a

-1-

Hawthorne agency.

3. Defendant Robert Fager ("Fager") is the Chief of the Hawthorne Police Department, and the HPD policymaker. Plaintiff sues Fager in both his official and individual capacities.

4. Lieutenant Ti Goetz (#50272) ("Goetz"), Officers Gabriel Lira (#50275) and Robert Shay (#50292) ("Shay") were, at all relevant times hereto, police officers for HPD, acting under color of state law and within the course and scope of their HPD employment. Plaintiff sues these individuals in both their official and individual capacities.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sues these defendants by fictitious names. Plaintiff will give notice of their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

6. Plaintiff is informed and believes and thereupon alleges that at all times relevant herein the DOE defendants, and each of them, were the agents, servants and employees of the other defendants. At all times herein, defendants, and each of them, were acting under the color of state law and within the course and scope of their employment with HPD and Hawthorne. All defendants acted under color of state law.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7. Each and every allegation set forth in each and every averment of this Complaint is hereby incorporated by this reference in each and every other averment and allegation of this Complaint.

8. Defendants Hawthorne, HPD and Fager are alleged to have maintained or permitted a policy or custom or practice causing or permitting the occurrence of the types of wrongs set forth herein below, knowingly, with gross negligence, or with deliberate

00087185.WPD

indifference in failing to train and, based on the principles set forth in *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978), and *City of Canton v. Harris*, 489 U.S. 378 (1989), are liable for all injuries sustained by any plaintiff as set forth herein below.

9. Plaintiff is informed and believes and based thereon alleges defendants' misconduct as alleged herein, was specifically ratified by defendants Fager, HPD, Hawthorne and/or their agents.

10. In the late evening / early morning hours of November 8-9, 2012, Plaintiff was riding his bicycle in Hawthorne. Shortly before midnight on Thursday, November 8, near the intersection of Prairie Avenue and El Segundo Boulevard, Mr. Saulmon observed Hawthorne officers conducting a traffic stop on the east side of Prairie Avenue. From the west side of Prairie, i.e., across the street from where the officers had stopped the motorist, Mr. Saulmon began video recording the traffic stop. Two HPD officers, whom Plaintiff believes were Lira and Shay, observed and reacted to Mr. Saulmon video recording the officers and the traffic stop.

11. After a few minutes of recording the traffic stop, Plaintiff turned off his camera before riding and walking his bicycle to the east side of Prairie Avenue. From a position of about 60 to 100 feet behind the motorist the officers had stopped and well clear of any officer or activity by any officer, Plaintiff resumed video recording the traffic stop. In obvious reaction to Plaintiff's video recording, two HPD officers, whom Plaintiff believes were Lira and Shay, approached Plaintiff. One officer whom Plaintiff believes was Lira, asked Plaintiff if he had any identification. Plaintiff responded by acknowledging he did but that he preferred not to speak with the officer. In response, Lira stated if Plaintiff did not provide identification he was going to jail. When Plaintiff then asked if he was under arrest Lira stated he was. Despite Plaintiff's requests both officers refused to tell Plaintiff what he was arrested for. Instead, the officers arrested and handcuffed Plaintiff. Plaintiff

recorded these events on his video camera. A copy of the recording is on the CD enclosed in the envelope marked as Exhibit A attached to this First Amended Complaint, and incorporated herein by reference.

12. Lira and Shay would later report they arrested Plaintiff on charges of violating Cal. Penal Code § 148 (resistance / interference with a police officer), Cal. Veh. Code § 21201(d) (operating a bicycle without proper lighting), H.M.C. § 10.60.010 (riding bicycle on sidewalk). In fact, Plaintiff did not in any manner interfere with any lawful activity by any officer; his bicycle had all proper and functioning lighting equipment; and he did not ride his bicycle on the sidewalk.

13. Plaintiff is informed and believes and based thereon allege that a substantial factor in the officers' decision to arrest Plaintiff was because he was video recording them and/or had politely asked the officers if he was under arrest.

14. Thereafter, officers transported Plaintiff to the HPD jail where with supervisory approval he was booked on the above charges. Because bail was set at $10,000.00 and Plaintiff did not have 10,000.00, Plaintiff could not bail out.

15. At the time of Plaintiff's arrest, the officers also seized Plaintiff's bicycle but instead of taking custody of the bicycle pursuant to the community caretaking doctrine (see *Miranda v. Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005)), the officers seized and booked the bicycle as "evidence." Plaintiff is informed and believes and based thereon allege the officers did so in order to deprive Plaintiff of his property and in retaliation for Plaintiff having lawfully recorded the officers and/or having asked the officers if he was under arrest.

16. Sometime after Plaintiff's booking into the HPD jail, on November 9, 2012 defendant Goetz, the watch commander, learned that Plaintiff was in the jail on the aforementioned charges. Plaintiff is informed and believes and based thereon alleges that

Goetz knew who Plaintiff was, that is, that he is known to video record officers and to post the videos on line. Plaintiff is informed and believes and based thereon alleges that Goetz was also aware that Plaintiff had previously successfully sued the HPD for wrongly arresting Plaintiff in 2004. Even though Goetz had the authority and responsibility to release Plaintiff on his promise to appear in court, Goetz refused to do so. When Goetz made this decision, he knew that Monday November 12, 2012 was a court holiday and hence, absence the posting of bail Plaintiff or release pursuant to Cal. Penal Code § 853.6, Plaintiff would remain incarcerated until at least Tuesday morning, November 13, 2012. Goetz also knew that come Tuesday November 13, Plaintiff would be released from custody without having to post bail.

17. Plaintiff is informed and believes and based thereon allege that a substantial factor in Goetz's decision in refusing to release Plaintiff pursuant to the mandatory obligation under Cal. Penal Code § 853.6, was on account of Plaintiff having exercised his free speech and due process rights in recording police officers, in calling attention to what Plaintiff believes is police misconduct, and to deter Plaintiff from further exercising his free speech and due process rights.

18. On Monday, November 11, 2012, Plaintiff's father provided the funds for Plaintiff to post bail, whereupon he was released from custody. However, because his bicycle had been booked as "evidence," HPD officials refused to return to Plaintiff his bicycle.

19. Thereafter, Plaintiff is informed and based thereon allege that HPD officials recommended to prosecuting authorities to charge Mr. Saulmon with criminal violations of Cal. Penal Code § 148, Cal. Veh. Code § 21201(d) and H.M.C. § 10.60.010. The prosecuting authorities, however, refused to do so.

20. All acts or omissions alleged to have been engaged in by any Defendant are

alleged to have been engaged in with in callous, reckless, and wanton disregard of the rights of Plaintiff.

21. Plaintiff complied with the applicable provisions of the California Tort Claims Act, and Plaintiff's claim under Cal. Gov't Code § 910 was denied.

## COUNT ONE

(1st Amendment/42 U.S.C. § 1983)

(Against All Defendants)

22. The conduct of each defendant including but not limited to acts causing Plaintiff's detention, arrest, continued incarceration over the weekend of November 9-12, 2012, seizure of Plaintiff's bicycle as evidence, were in retaliation for Plaintiff having exercised, and/or attempting to exercise, rights guaranteed under the First Amendment to the United States Constitution. Therefore, Plaintiff is entitled to recover damages pursuant to 42 U.S.C. §1983.

## COUNT TWO

(Due Process/42 U.S.C. § 1983)

(Against All Defendants)

23. The conduct of each defendant, including but not limited to acts causing Plaintiff's detention, arrest, continued incarceration over the weekend of November 9-11, 2012, seizure of Plaintiff's bicycle as evidence, were in retaliation for Plaintiff having exercised, and/or attempting to exercise, rights guaranteed under the due process clause of the Fourteenth Amendment to the United States Constitution. Therefore, Plaintiff is entitled to recover damages pursuant to 42 U.S.C. §1983.

///

///

///

00087185.WPD

## COUNT THREE

(Fourth Amendment / 42 U.S.C. § 1983)

(Against All Defendants Except Goetz)

24. The conduct of each defendant except for defendant Goetz in the seizure and incarceration of Plaintiff, and the seizure of his bicycle, violated Plaintiff's rights guaranteed under the Fourth Amendment to the United States Constitution. Therefore, Plaintiff is entitled to recover damages pursuant to 42 U.S.C. §1983.

## COUNT FOUR

(Fourteenth Amendment / 42 U.S.C. § 1983)

(Against All Defendants Except Lira and Shay)

25. The conduct of each defendant except for defendants Lira and Shay in failing and refusing to secure Plaintiff's release on November 9, 2012 pursuant to Cal. Penal Code § 853.6, violated Plaintiff's rights as protected under the due process clause of the Fourteenth Amendment to the United States Constitution. Therefore, Plaintiff is entitled to recover damages pursuant to 42 U.S.C. §1983.

## COUNT FIVE

(Cal. Civ. Code § 52.1(b)

(Against Defendants Hawthorne and HPD only)

26. In committing the acts alleged above, HPD officers intentionally used threats, intimidation and/or coercion for the purpose of, *inter alia*:

    A. Denying Plaintiff his state and federal rights to lawfully record officers, and to comment on the actions of police officers;

    B. Denying Plaintiff his personal property, his bicycle, to which he was entitled under the community caretaking doctrine of the Fourth Amendment, and Art. I § 7 of the California Constitution;

C. Denying Plaintiff his right to release from custody as guaranteed by Cal. Penal Code § 853.6.

27. Hawthorne and HPD are liable for the misconduct of their employees, including the HPD officers and DOES, under Government Code § 815.2.

**WHEREFORE**, Plaintiff requests damages against each defendant as follows:

1. General damages according to proof;

2. Special damages according to proof;

3. Statutory damages, as provided by Cal. Civ. Code §§ 52(b), 52.1(b) and any other applicable statute;

4. As against individual defendants only, punitive damages according to proof;

5. Costs, interest, and attorneys' fees under both federal and state law, including but limited to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1(h), Cal. Civ. Proc. Code § 1021.5, California's private attorney general doctrine; and

6. Such other relief as is just and proper.

DATED: May 17, 2013

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

By_____
Donald W. Cook

# DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: May 17, 2013

**ROBERT MANN
DONALD W. COOK**
Attorneys for Plaintiff

By __/s/ Donald W. Cook_____
Donald W. Cook

00087185.WPD