RUSSELL I. MIYAHIRA, ESQ. City Attorney, SBN 122808
ALISON STEVENS, ESQ., Assistant City Attorney, SBN 192115
HAWTHORNE CITY ATTORNEY'S OFFICE
4455 West 126th Street
Hawthorne, California 90250
Tel.: (310) 349-2960
Facsimile:  (310) 978-9861

MARK RUTTER, ESQ., SBN
CARPENTER, ROTHANS & DUMONT
888 South Figueroa Street, Suite 1960
Los Angeles, California 90017

Attorneys for Defendants, CITY OF HAWTHORNE, HAWTHORNE POLICE DEPARTMENT, CHIEF ROBERT FAGER, LT. TI GOETZ, OFFICER GABRIEL LIRA, OFFICER ROBERT SHAY
[Fee Exempt Pursuant to Government Code §6103]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SAULMON,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF HAWTHORNE, a municipal corporation; HAWTHORNE POLICE DEPARTMENT, a governmental entity, CHIEF ROBERT FAGER, LT. TI GOETZ (#50272), OFFICER GABRIEL LIRA (#50275) OFFICER ROBERT SHAY (#50292), individuals; and DOES 1-10, inclusive<br><br>          Defendants. | Case No. CV 13-02819JAK (AJWx)<br><br>**DEFENDANTS', CITY OF HAWTHORNE, HAWTHORNE POLICE DEPARTMENT, CHIEF ROBERT FAGER, LT. TI GOETZ, OFFICER GABRIEL LIRA, OFFICER ROBERT SHAY, ANSWER TO FIRST COMPLAINT** |

COMES NOW Defendants, CITY OF HAWTHORNE, HAWTHORNE POLICE DEPARTMENT, CHIEF ROBERT FAGER, LT. TI GOETZ, OFFICER GABRIEL LIRA, OFFICER ROBERT SHAY, for themselves alone, and for no other co-defendant, and in answer to the First Amended Complaint of Plaintiff, DANIEL SAULMON, admit, deny and allege as follows:

///

## PARTIES

1. Answering paragraph 1, based upon information and belief, these answering Defendants admit the allegations of this paragraph.

2. Answering paragraph 2 of the Complaint, these answering Defendants admit the allegations contained therein.

3. Answering paragraph 3 of the Complaint, these answering Defendants admit that Defendant Robert Fager is the Chief of the Hawthorne Police Department.

4. Answering paragraph 4 of the Complaint, these answering Defendants admit that Lt. Ti Goetz, and Officers Gabriel Lira and Robert Shay were at all relevant times hereto employed by the Hawthorne Police Department and were acting in the course and scope of such employment.

5. Answering paragraphs 5 and 6 of the Complaint, these answering Defendants have insufficient information, knowledge or belief upon which to admit or deny the allegations and on such basis deny the allegations contained therein.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Answering paragraph 7 of the Complaint, these answering Defendants admit, deny or lack sufficient information to admit or deny the allegations as set forth in paragraphs 1- 5 above.

7. Answering paragraphs 8 and 9 of the Complaint, these answering Defendants deny the allegations contained therein.

8. Answering paragraph 10 of the Complaint, these answering Defendants admit the allegations contained therein.

9. Answering paragraph 11 of the Complaint, these answering Defendants admit that Plaintiff was recording a traffic stop, admit that Plaintiff was asked for identification and refused to provide such identification, and admit that Plaintiff was arrested for interfering with an investigation.  These answering

Defendants deny or lack sufficient information to admit or deny the remaining allegations as set forth in paragraph 11.

10.  Answering paragraph 12 of the Complaint, these answering Defendants admit that Plaintiff was arrested on charges of violation Penal Code Section 148, Vehicle Code Section 21201(d), and H.M.C. Section 10.60.010. These answering Defendants deny the remaining allegations of paragraph 12.

11.  Answering paragraph 13 of the Complaint, these answering Defendants deny the allegations contained therein.

12.  Answering paragraph 14 of the Complaint, these answering Defendants admit that Plaintiff was booked on the charges set forth above and bail was set at $10,000.00. Defendants lack sufficient information to admit or deny the remaining allegations as set forth in paragraph 14.

13.  Answering paragraphs 15, of the Complaint, these answering Defendants admit that Plaintiff's bicycle was retained as evidence. These answering Defendants deny the remaining allegations of paragraph 15.

14.  Answering paragraph 16 of the Complaint, these answering Defendants admit that the Watch Commander was aware of Plaintiff's arrest, and that Plaintiff had previously sued the Hawthorne Police Department. These answering Defendants deny or otherwise lack sufficient information, understanding or belief upon which to admit or deny the remaining allegations of paragraph 16.

15.  Answering paragraph 17 of the Complaint, these answering Defendants deny each and every allegation contained therein.

16.  Answering paragraph 18 of the Complaint, these answering Defendants deny or lack sufficient information to admit or deny the allegations as set forth in paragraph 18.

17.  Answering paragraph 19 of the Complaint, these answering Defendants admit that prosecution of Plaintiff was recommended, but deny that the prosecuting authorities "refused" to do so.

18. Answering paragraph 20 the Complaint, these answering Defendants deny each and every allegation contained therein.

19. Answering paragraph 21 of the Complaint, these answering Defendants admit the allegations set forth therein.

20. Answering paragraph 22 of the Complaint, these answering Defendants deny each and every allegation contained therein.

21. Answering paragraph 23of the Complaint, these answering Defendants deny each and every allegation contained therein.

## CAUSES OF ACTION

22. Answering paragraph 24 of the Complaint, these answering Defendants deny each and every allegation contained therein as to all Defendants except Goetz.

23. Answering paragraph 25 of the Complaint, these answering Defendants deny each and every allegation contained therein as to all Defendants except Lira and Shay.

24. Answering paragraph 26 of the Complaint, these answering Defendants deny each and every allegation contained therein.

25. Answering paragraph 27 of the Complaint, these answering Defendants deny each and every allegation contained therein as to all Defendants.

## AFFIRMATIVE DEFENSES

26. As a first affirmative defense, Defendants allege that reasonable suspicion and probable cause existed for the detention and arrest of Plaintiff.

27. As a second affirmative defense, Defendants allege that the claims of Plaintiff, and each of them, are barred under principles of claim preclusion and authority pursuant to *Heck v. Humphrey* (1994) 512 U.S. 477.

18. As a third affirmative defense, any recovery for unlawful seizure based upon Plaintiff's arrest is limited to the time before exercise of the prosecutor's independent judgment to commence criminal court proceedings

against Plaintiff.

19. As a fourth affirmative defense, Plaintiff's claim for unreasonable search and seizure and deprivation of life and liberty, and retaliation is barred by the statute of limitations provisions of California Code of Civil Procedure Section 340(c).

20. As a fifth affirmative defense, any injuries allegedly sustained by Plaintiff were caused by his own negligence and conduct, and were not caused by these answering Defendants.

21. As a sixth affirmative defense, Plaintiff assumed the risk of arrest by interfering with police officers while in the course of conducting an investigation, and assumed the risk of any injury or damage incurred thereafter by reason of his conduct.

22. As a seventh affirmative defense, any special damages allegedly sustained by Plaintiff were caused by Plaintiff's own actions and conduct, and therefore these answering Defendants are not liable for Plaintiff's special damages, if any.

23. As an eighth affirmative defense, Plaintiff has failed to mitigate any alleged damages arising from the events alleged herein.

24. As a ninth affirmative defense, Plaintiff has failed to allege facts to state a cause of action for violation of rights under the First Amendment of the United States Constitution.

25. As a tenth affirmative defense, Plaintiff has failed to allege facts to state a cause of action for violation of rights under the Fourth Amendment of the United States Constitution.

26. As an eleventh affirmative defense, Plaintiff has failed to allege facts to state a cause of action for violation of rights under the Fourteenth Amendment of the United States Constitution.

27. As a twelfth affirmative defense, Plaintiff has failed to allege facts to

state a cause of action for violation of rights under California Civil Code Section 52.1(b).

28. As a thirteenth affirmative defense, the First Amended Complaint and each and every cause of action contained therein fails to state facts sufficient to state a cause of action against these Answering Defendants.

29. As fourteenth affirmative defense, the individual Defendants are entitled to qualified immunity from liability because their conduct did not violate clearly established statutory or Constitutional rights of which a reasonable person would have known.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of his First Amended Complaint,

2. That judgment be rendered in favor of Defendants,

3. That Defendants be awarded costs of suit incurred in defense of this action, and

4. For such other relief as the Court deems proper.

DATED: May 30, 2013          RUSSELL I. MIYAHIRA, CITY ATTORNEY
                             CITY OF HAWTHORNE

By: /s/ Alison Stevens
ALISON STEVENS
Assistant City Attorney
Attorney for Defendants, CITY OF HAWTHORNE, HAWTHORNE POLICE DEPARATMENT, CHIEF ROBERT FAGER, LT. TI GOETZ, OFFICER GABRIEL LIRA, OFFICER ROBERT SHAY

## DEMAND FOR JURY TRIAL

Defendants, CITY OF HAWTHORNE and the HAWTHORNE POLICE DEPARTMENT, CHIEF ROBERT FAGER, LT. TI GOETZ, OFFICER GABRIEL LIRA, OFFICER ROBERT SHAY, hereby demand trial by jury in this matter.

DATED: May 30, 2013      RUSSELL I. MIYAHIRA, CITY ATTORNEY
CITY OF HAWTHORNE

By: *Alison Stevens*
ALISON STEVENS
Assistant City Attorney
Attorney for Defendants, CITY OF HAWTHORNE, HAWTHORNE POLICE DEPARATMENT, CHIEF ROBERT FAGER, LT. TI GOETZ, OFFICER GABRIEL LIRA, OFFICER ROBERT SHAY

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )
                       ) ss.
                       )
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 4455 W. 126th Street, Hawthorne, California 90250.

On May 30, 2013, I served the foregoing document described as **DEFENDANTS, CITY OF HAWTHORNE, HAWTHORNE POLICE DEPARTMENT, CHIEF ROBERT FAGER, LT. TI GOETZ, OFFICER GABRIEL LIRA, OFFICER ROBERT SHAY, ANSWER TO FIRST COMPLAINT** on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Robert Mann
Donald W. Cook
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Tel: (213) 252-9444
Fax: (213) 252-0091

__X__ BY MAIL: I served the documents by enclosing them in an envelope and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice of collection and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

_____ BY FACSIMILE TRANSMISSION: The facsimile machine I used complied with California Rules of Court 2.301 and no error was reported by the machine. Pursuant to rule 2.306(h), I caused the machine to print a record of the transmission, a copy of which is attached to this proof of service.

_____ BY OVERNIGHT DELIVERY: I caused the above-referenced document(s) to be delivered via overnight delivery, for delivery to the above address(es).

_____ (State) I declare under the penalty of perjury, under the laws of the State of California, that the above is true and correct.

__X__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on May 30, 2013, at Hawthorne, California.

_____
HEATHER TOMITA